IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALAN L. FRANK LAW                    CASE NO. 1:16-cv-22484

        Plaintiff,

vs.


OOO RM INVEST, VARWOOD HOLDINGS,
LTD., TCAHAI HAIRULLAEVICH KATCAEV,
SASHA SCHMDT, SERGEY PIROZHNIKOV

        Defendants.

_____/


**OPPOSITION TO MOTION TO DISMISS CROSS-CLAIM**


I.        **INTRODUCTION**

        Defendants Sasha Schmdt and Sergey Pirozhnikov (the "Majority Owner Defendants"), the majority owners of OOO RM Invest ("RM Invest"), respectfully submit this Opposition to the Motion to Dismiss their Crossclaim filed by Tcahair Katcaev and his alter ego Varwood Holdings, Ltd. ("Varwood"; along with Mr. Katcaev, "Katcaev/Varwood"). As the Majority Owner Defendants demonstrate, the Court has subject matter jurisdiction to adjudicate their Crossclaim for declaratory relief – which is directly related to the Complaint in Interpleader filed in this action. Moreover, the Crossclaim sufficiently pleads a claim for declaratory relief – as there is an actual controversy concerning entitlement to the settlement funds at issue in the Complaint for Interpleader, and Katcaev/Varwood's putative evidence is both inadmissible on a motion to dismiss and, in any event, unpersuasive.

1

## II.     BACKGROUND

Alan L. Frank Law Associates, P.C. ("Mr. Frank's Firm") filed a Complaint for Interpleader in this Court, which asks the Court to adjudicate the parties' alleged rights to certain settlement payments.  The Majority Owner Defendants filed an Answer admitting all of the allegations of the Complaint for Interpleader, and filed a Crossclaim seeking a judicial declaration adjudicating how the settlement funds should be distributed.  In their motion to dismiss, Katcaev/Varwood contend that the Court lacks subject matter jurisdiction to adjudicate the Crossclaim, and that the Crossclaim fails to state a claim upon which relief may be granted.

The material allegations of the Crossclaim are set forth below.

In 2014, RM Invest filed an action in the Southern District of Florida (the "Florida Action") against Net Element International, Inc. and related individuals (collectively, "Net Element"), all of whom were located in that District.  Crossclaim ¶ 1.  Also in 2014, Mr. Katcaev and Varwood filed an arbitration demand with the AAA in Miami against Net Element; that arbitration was later terminated and the Katcaev/Varwood claims were incorporated in the Florida Action.  Crossclaim ¶ 2.  RM Invest, Mr. Katcaev, and Varwood were all represented by Mr. Frank's Firm in the Florida Action, which was resolved through an October 1, 2015 Settlement Agreement among Net Element and its insurance company, on the one hand, and RM Invest, Mr. Katcaev, and Varwood on the other hand.   Crossclaim ¶ 3.

The agreement defined RM Invest, Varwood, and Mr. Katcaev as the "Settling Plaintiffs", and then provided for payments totaling $2.9 million by Net Element and its insurer to "plaintiffs", that were to be "made payable to 'Alan L. Frank Law Associates, P.C. FBO Plaintiffs'."  Crossclaim ¶ 4.    The agreement included no provision for how the proceeds were to be divided between Varwood and RM Invest.  *Id.*  Mr. Katcaev is not entitled to any portion of the settlement amount, as he had previously assigned his personal claims to his corporate alter ego.  Crossclaim ¶ 5.  The settlement payments were made by Net Element and its insurer to the trust fund of Mr. Frank's Firm.  Crossclaim ¶ 6.

2

The claims asserted by Varwood were insignificant to the settlement since they were meritless, and the settlement payments therefore properly belong 100% to RM Invest. Crossclaim ¶ 7. The alleged "Division Agreement" purporting to be between RM Invest and Varwood is illegal and of no effect, since the signature purporting to be on behalf of RM Invest was from Dmitry Grudtsin, who Mr. Katcaev had purported to appoint as RM Invest's General Director. Crossclaim ¶ 8. The purported appointment of this apparent friend of Mr. Katcaev was not made during a general meeting of the members of RM Invest, and therefore was illegal and invalid under Russian law. Crossclaim ¶ 8. Further, even if Mr. Grudtsin had been a valid General Director at the time, a General Director cannot act with respect to a "major transaction" such as the one involving the settlement funds that constituted more than 25% of the company's assets, without direction from a general meeting. *Id.* Varwood asserts entitlement to more 50% of the settlement funds on the basis of the Division Agreement. Crossclaim ¶ 9.

There is a present, ripe and justiciable controversy between the Majority Owner Defendants and Varwood, as detailed above. Declaratory relief by the Court would serve the interests of justice and potentially avoid a multiplicity of legal proceedings. Crossclaim ¶ 11. Under governing Russian law, the Majority Owners are entitled to a declaration that RM Invest is entitled to 100% of the settlement funds (other than those properly retained by Mr. Frank's Firm), and that Varwood has no interest in or rights to the settlement funds. Crossclaim ¶ 12. Accordingly, in their sole cause of action for declaratory relief in their Crossclaim, the Majority Owner Defendants request that the Court enter judgment declaring that the settlement funds (other than those properly retained by Mr. Frank's Firm) are owned by RM Invest, and that Varwood has no interest in or rights to the settlement funds. Crossclaim Prayer for Relief ¶ 1.

### III.    ARGUMENT

**A.    The Court Has Subject Matter Jurisdiction Over The Crossclaim**

Katcaev/Varwood first contend that the Court lacks subject matter jurisdiction to resolve the Crossclaim.  They are not only mistaken – but fail to even cite or distinguish the relevant federal statutes.

The Federal Interpleader Act (28 U.S.C. § 1335) provides a remedy for stakeholders faced with inconsistent claims.  While the statute does not provide an independent basis for federal question jurisdiction, it does confer subject matter jurisdiction where the stake consists of money or property valued at $500 or more, and diversity of citizenship exists between any two claimants.  28 U.S.C. § 1335 ("The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person . . . having in his or its custody or possession money or property of the value of $500 or more. . . if (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property . . . and if (2) the plaintiff has deposited such money or property . . . into the registry of the court, there to abide the judgment of the court").

The singular distinctive feature of statutory interpleader is that only "minimal diversity" is required – *i.e.,* diversity between any two claimants is sufficient for federal jurisdiction.  It makes no difference that plaintiff and other claimants are nondiverse.  *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523 (1967).

The adverse claimants in interpleader actions often file counterclaims or crossclaims to the interpleaded property.  *See Rutter Group Practice Guide: Federal Civil Procedure Before Trial National Edition*, 10:146-1456.1.  Such claims are normally "ancillary" to the interpleader (same property or transaction) so that no independent basis for federal subject matter jurisdiction is required.  Fed R. Civ. Proc. 13(g) ("A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim,

4

or if the claim relates to any property that is the subject matter of the original action"); *Danner v. Himmelfarb*, 858 F2d 515 (9th Cir. 1988).

Mr. Frank's Firm filed its Complaint in Interpleader in this action to resolve the parties' competing claims to certain settlement payments.   The Complaint in Interpleader satisfied the requirements for subject matter jurisdiction under 28 U.S.C. § 1335, as the amount in controversy exceeds $500 (Complaint in Interpleader ¶ 9) and there is diversity between any two of the claimants (*e.g.,* Katcaev is a citizen of Russia and resides there, and Schmidt is a citizen of the United States and resides in New York; Complaint in Interpleader ¶¶ 3, 5).  Because the Complaint in Interpleader satisfies the subject matter jurisdiction requirements of Section 1335, no independent jurisdictional basis is required for the Majority Owner Defendants' Crossclaim – which seeks adjudication of the parties' respective rights to the same settlement funds at issue in the Complaint in Interpleader.

Katcaev/Varwood argue that the Court lacks *subject matter jurisdiction* over the Crossclaim because the Crossclaim fails to present a justiciable controversy (*i.e.,* because Katcaev/Varwood contend that Russian law does not support the Majority Owner Defendants' claims to the settlement funds on the merits).   Even assuming *arguendo* that Katcaev/Varwood were correct that the Crossclaim lacks merit – *which they are not* – they fail to appreciate that a court's *subject matter jurisdiction* over a interpleader claim has nothing whatsoever to do with whether a claim or crossclaim is *meritorious* or not.   28 U.S.C. § 1335 (subject matter jurisdiction for interpleader based upon amount in controversy exceeding $500 and diversity of any two claimants, and not whether the claim has merit).

Katcaev/Varwood next contend that if the Crossclaim presents a justiciable controversy, the Court should nonetheless exercise its discretion and decline to resolve the Majority Owner Defendants' Crossclaim for declaratory relief.   28 U.S.C. § 2201(a) (court "may" adjudicate a claim for declaratory relief").   Katcaev/Varwood's position makes little (if any) sense.   The Court is already adjudicating Mr. Frank's Firm's Complaint in Interpleader, which seeks to resolve the parties' competing rights to the settlement proceeds.  The Majority

5

Owner Defendants' Crossclaim similarly seeks a judicial declaration concerning their entitlement to the same settlement funds.   Thus, it would make no sense for the Court to adjudicate the Complaint in Interpleader but not the Crossclaim – which contain claims to the same property and are thus directly related to one another.

Katcaev/Varwood cite to three cases for the proposition that federal courts can exercise discretion to decline to hear a claim for declaratory relief.   *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359-60 (2d Cir. 2003); *Eastman Kodak Co. v. Kavlin*, 978 F.Supp. 1078 (S.D. Fla. 1997); *Basic v. Fitzroy Eng'g, Ltd.*, 949 F.Supp. 1333 (N.D. Ill. 1996).   All three of these cases are distinguishable because they did not involve a complaint in interpleader at all – let alone a crossclaim seeking adjudication of the parties' rights to interpleaded funds.

Notwithstanding that these cases are distinguishable, Katcaev/Varwood rely upon the five-factor analysis that these courts employed to determine whether to decline to adjudicate a claim for declaratory relief.   Application of the five factors supports adjudication of the Crossclaim:

(1)	Whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved – Adjudicating the parties' rights to the settlement funds will resolve the parties' dispute.

(2)	Whether a judgment would finalize the controversy and offer relief from uncertainty – Again, adjudicating the parties' rights to the settlement funds will finalize the controversy.

(3)	Whether the proposed remedy is being used merely for procedural fencing or a race to res judicata – The Complaint in Interpleader was filed because the money at issue is held by a lawyer located in the United States and the dispute arose here.   The Crossclaims were filed in the same action where the money was interpleaded.   Thus, this is not a situation where a party has filed a crossclaim to obtain some unfair procedural advantage.

(4)    <u>Whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court</u> – Because the funds at issue derived from the settlement of a federal court action in Florida, and because the funds are held by a lawyer located in the United States, this Court's jurisdiction does not encroach the Russian judicial system.   Courts in the United States routinely apply the laws of other jurisdictions to resolve disputes where choice of law rules so dictate.

(5)    <u>Whether there is a better or more effective remedy</u> – Given that the attorney, the funds, and the dispute all are located and/or arose in the United States, there is not a more effective remedy than allowing this Court to adjudicate the parties' claims to these funds.

**B.    The Crossclaim States A Claim Upon Which Relief May Be Granted**

In addition to challenging the Court's subject matter jurisdiction, Katcaev/Varwood also challenge whether the Crossclaim states a claim upon which relief can be granted.   Given the liberal pleading standards in federal court – particularly as to a claim seeking declaratory relief – there is no ground to dismiss the Crossclaim on this basis.

**1.    The Federal Pleading Standards Are Liberally Construed**

Rule 8 of the Federal Rules of Civil Procedure sets forth pleading standards applicable to claims in federal court.   In addition to requiring the plaintiff to state the basis for the Court's jurisdiction, Rule 8 simply requires the plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. Proc. 8(a).

Pleadings in federal courts "must be construed so as to do justice." Fed R. Civ. Proc. 8(e).  The Federal Rules are designed to minimize disputes over pleading technicalities. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era").  A complaint is sufficient if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In addition to providing "fair notice" of the claim, the pleading's factual allegations must show "that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). To do so, the pleading must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining the sufficiency of a pleading, allegations of material fact are taken as true and construed in the light most favorable to the pleader. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As the Supreme Court explained: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The Court may only dismiss a complaint where it is clear that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

**2.      The Crossclaim Adequately Pleads A Claim For Declaratory Relief**

Claims for declaratory relief in federal court are governed by 28 U.S.C. Section 2201(a), which provides as follows: "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Crossclaim pleads facts sufficient to satisfy these elements.

As explained above and in the Crossclaim, Mr. Frank's Firm represented RM Invest, Mr. Katcaev, and Varwood in the Florida Action, which was resolved through an October 1, 2015 Settlement Agreement. Crossclaim ¶¶ 1-3. The agreement did not define how the settlement proceeds should be allocated (Crossclaim ¶ 4). There is an actual dispute between Katcaev/Varwood, on the one hand, and Majority Owner Defendants, on the other hand, concerning the amount of Varwood's allocated interest in the settlement proceeds. Crossclaim ¶¶ 5-9.

Based upon these allegations, the Crossclaim alleges that there is a *present, ripe and justiciable controversy* between the Majority Owner Defendants and Varwood. Crossclaim ¶ 11.  The Crossclaim seeks a judicial declaration that the settlement funds (other than those properly retained by Mr. Frank's Firm) are owned by RM Invest, and that Varwood has no interest in or rights to the settlement funds.  Crossclaim Prayer for Relief ¶ 1.  Taking these allegations as true – which the Court must on a motion to dismiss – the Crossclaim satisfies the "actual controversy" requirement of Section 2201(a), as well as the federal pleading requirements.  Fed. R. Civ. Proc. 8(a) ("a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought").

### 3.    Katcaev/Varwood's Evidence Is Not Admissible Or Dispositive

Katcaev/Varwood contend that the Crossclaim is not "plausible" as a matter of Russian law, and therefore that it fails to state a claim upon which relief may be granted. Specifically, Katcaev/Varwood assert that a claim to invalidate the Division Agreement is subject to a two-month Russian statute of limitations; that Russian law bestows the individual identified in the Russian Unified State Register of Legal Entities ("USRLE") with unfettered decision-making authority on behalf of the LLC; and that the Majority Owner Defendants' contention that Mr. Grudstin's September 2012 appointment was illegal has no bearing on whether his decisions are invalidated.  The Court should reject these arguments on this *motion to dismiss* for at least six reasons.  (To alert the Court, the sixth reason is the placed sixth because it is conceptually last, but it appears immediately dispositive.).

First, under established principles of federal law, the Court must accept as true the allegations of the Crossclaim on this motion to dismiss.  *E.g., Erickson*, 551 U.S. at 94. Unlike a motion for summary judgment, the Court is not permitted to consider evidence on a motion to dismiss.  *See Rutter Group Practice Guide: Federal Civil Procedure Before Trial National Edition*, 9:205 ("The biggest difference between a Rule 12(b)(6) motion and a Rule 56 motion for summary judgment is that, with limited exception, the court cannot consider matters outside the pleadings in ruling on a Rule 12(b)(6) motion").  Katcaev/Varwood's

motion effectively ignores the allegations of the Crossclaim, and instead improperly relies upon matters of an *evidentiary* nature – *e.g.,* the Declaration of Mr. Katcaev.

Second, Katcaev/Varwood's position that the Crossclaim fails to state a claim is based upon affirmative defenses, such as what Katcaev/Varwood contend is the relevant statute of limitations.  Ordinarily, a Rule 12(b)(6) motion cannot be used to raise an affirmative defense. Complaints need not contain any information about defenses and may not be dismissed for that omission.  *E.g., Brownmark Films, LLC v. Comedy Partners,* 682 F3d 687, 690 (7th Cir. 2012) ("courts should usually refrain from granting Rule 12(b)(6) motions on affirmative defenses" because "a plaintiff may state a claim even though there is a defense to that claim").   Here, the Crossclaim sufficiently states facts sufficient to plead declaratory relief, and Katcaev/Varwood's arguments related to statute of limitations are misplaced on this motion that challenges the face of the pleading.

Third, the "evidence" upon which Katcaev/Varwood base their arguments – the "Ernst & Young Legal Opinion" – is not authenticated, is not sworn under penalty of perjury, and neither attaches nor discusses any legal authorities in support of its conclusions.[1] As set forth above, there is no basis for the Court to consider matters outside the pleadings on a motion to dismiss.  The fact that these documents are not authenticated provides a separate basis for their exclusion.  Fed. R. of Ev. 901(a)("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is").

Fourth, in addition to being unauthenticated, there is no basis for the Court to hold that the Ernst & Young Legal Opinion correctly sets forth Russian law.  To the extent that Russian law applies, these are issues that the parties presumably will brief with reference to controlling legal authorities (which may also include expert testimony).   It is inappropriate

---

[1] Other exhibits that Katcaev/Varwood cite also are not authenticated, such as the letters referenced as Exhibits A and C.   Nor are such documents admissible on a motion to dismiss even had they been authenticated.

and premature for the Court to accept as true Katcaev/Varwood's *unauthenticated* submission of an expert report as correctly articulating Russian law. Fed. R. of Ev. 901. To be sure, if a motion to dismissed were based on expert opinions, the Majority Owner Defendants could and would submit their own contrary expert report.

Fifth, even if Katcaev/Varwood's characterization of the law were correct -- which the Majority Owner Defendants do not concede -- it still would not bar the Crossclaim as a matter of law. The Ernst & Young Legal Opinion concludes, for example, that the "LLC participant may file a petition to invalidate the Director General's decision within two months of the date *when the participant became aware or should have reasonably become aware of the decision and or the circumstances that provide reasons for the decision to become invalid*." *Id.* at 8-9 (emphasis supplied). This raises *evidentiary* questions such as when the "participant" become aware or should have reasonably become aware of certain facts, which are not disclosed on the face of the Crossclaim in this case and cannot support the basis of a motion to dismiss.[2]

Sixth, even if the Ernst & Young opinion were correct, the opinion specifically says "[u]pon petition by an LLC's participant, a Court may declare invalid an interested-party or large transaction entered into by the Director General without approval from the general meeting of participants, if such transaction was detrimental to the LLC," and that the "period of limitation for claims to invalidate a voidable transaction and enforce the consequences of it being invalid is *one year*." *See* Ernst & Young opinion at 8 (first paragraph numbered 3, and first unnumbered paragraph) (emphasis added). That is plainly the relevant statute of limitations, since the Majority Owner Defendants allege (correctly) that the transaction was

---

[2]    Katcaev/Varwood contend that the Crossclaim improperly seeks an award of attorneys' fees in the prayer for relief. But to the extent that this matter is governed by Russian law, then the Majority Owner Defendants may be entitled to recover attorneys' fees as the prevailing party. *See generally* Recovery of Legal Costs in Russian Litigation (https://www.expertguides.com/articles/recovery-of-legal-costs-in-russian-litigation/arfyzmzi) ("Unlike the traditional 'American Rule' whereby attorney fees are not awardable to the winning party, Russian statutory and case law adhere to the 'loser-pay' principle meaning that a Russian court awards legal costs against the losing party").

both an interested party one and large one. *See* Crossclaim ¶ 8. The two-month statute asserted by Katcaev/Varwood applies to decisions "in violation of law or a legitimate LLC's charter." Ernst & Young opinion at 8 (final paragraph). Majority Owner Defendants do not allege that the putative Division Agreement would be illegal or contrary to the charter if it had been properly entered into, and this provision does not even apply, let alone override the one-year provision.

## IV.    CONCLUSION

For the foregoing reasons, the Opposing Defendants respectfully request that the Court deny Katcaev/Varwood's motion to dismiss.

Dated:  June 30, 2016                              RIMON LAW, P.A.


                                                  /s/ *Natasha B. Dorsey*
                                                  Natasha B. Dorsey (FL Bar No.: 099383)
                                                  natasha.dorsey@rimonlaw.com
                                                  Richard Mooney (*pro hac vice* anticipated)
                                                  richard.mooney@rimonlaw.com
                                                  RIMON LAW, P.A.
                                                  112 Via Castilla
                                                  Jupiter, FL  33458
                                                  Telephone: (561) 935-9678
                                                  Fax: (800) 930-7271

                                                  *Attorneys for Defendants*
                                                  SASHA SCHMDT and SERGEY
                                                  PIROZHNIKOV

12