UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-22484-ALTONAGA/O'SULLIVAN

ALAN L. FRANK LAW,
    Plaintiff,

v.

OOO RM INVEST, VARWOOD HOLDINGS,
LTD., TCAHAI HAIRULLAEVICH
KATCAEV, SASHA SCHMDT, SERGEY
PIROZHNIKOV,
    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Majority Owners of RM Invest's Motion to Disqualify the Behar Law Firm (DE # 132, 11/1/16) filed by defendants Sasha Schmdt and Sergey Pirozhnikov (collectively, "Participant Parties"). Defendants OOO RM Invest, Varwood Holdings, Ltd. and Tcahai Hairullaevich Katcaev (collectively, "Settling Parties") filed a response in opposition on November 28, 2016. See Settling Parties' Memorandum of Law in Opposition to Participant Parties' Motion to Disqualify Behar Law Firm [D.E. 132] (DE# 140, 11/28/16). The Participant Parties filed their rely on December 8, 2016. See Majority Owners of RM Invest's Reply in Support of Motion to Disqualify the Behar Law Firm (DE # 149, 12/8/16). This matter is ripe for adjudication.

## ANALYSIS

The Participant Parties seek to disqualify the Behar Law Firm from representing defendant OOO RM Invest (hereinafter "RM Invest") on the ground that a conflict of interest exists between defendants RM Invest and Varwood/Katcaev. The Settling

Parties oppose the relief requested in the instant motion on the grounds that: (1) the Participant Parties lack standing to bring the instant motion and (2) there is no conflict of interest.

Motions involving the disqualification of counsel must be determined according to the standards imposed by the Florida Rules of Professional Conduct. Shaw v. Cassel, No. 11-23689-CIV, 2012 WL 315050, at *2 (S.D. Fla. Feb. 1, 2012) (citing Morse v. Clark, 890 So. 2d 496, 497 (Fla. 5th DCA 2004)). Rule 4-1.7 of the Rules Regulating the Florida Bar governs conflicts between attorneys and current clients. Schulte v. Angus, 14 So. 2d 1279, 1280 (Fla. 3d DCA 2009).

The burden of proving the grounds for disqualification is on the party moving to disqualify. Great Am. Ins. Co. v. Gen. Contractors & Constr. Mgmt., Inc., No. 07-21489-CIV, 2008 WL 1994857 * 1 (S.D. Fla. May 6, 2008) (citing In re Bellsouth Corp., 334 F.3d 941, 961 (11th Cir. 2003) (citations omitted)). Disqualification of counsel is an extraordinary remedy, and such motions are generally viewed with skepticism because they are often made for tactical purposes. Id. (citing Yang Enters., Inc. v. Georgalis, 988 So. 2d 1180, 1183 (Fla. 1st DCA 2008) (internal quotation marks, brackets and citations omitted).

The Court finds that the Participant Parties have failed to establish standing to bring the instant motion to disqualify. In support of standing, the Participant Parties cite the Court's prior rulings. See Majority Owners of RM Invest's Reply in Support of Motion to Disqualify the Behar Law Firm (DE # 149 at 4, 12/8/16). However, whether the Participant Parties have standing to assert a cross-claim or participate as interveners in another proceeding is not the same as whether the Participant Parties have standing to

2

disqualify opposing counsel.[1] To have standing to seek the disqualification of the Behar Law Firm, the Participant Parties must show that "the conflict of interest clearly calls into question the fair or efficient administration of justice." Zarco v. Supply Co. v. Bonnell, 658 So.2d 151, 154 (Fla. 1st DCA 1995). The Participant Parties have not made that showing here.

The Court further finds that the Participant Parties have not shown a conflict between RM Invest and Varwood/Katcaev. The facts in this case are that on or about January 29, 2016, RM Invest, Varwood and Katcaev entered into a Division Agreement wherein they agreed to the distribution of the Settlement Proceeds in a certain manner. To date, the Court has not invalidated the Division Agreement. If the Court reaches the merits of this case, the validity or invalidity of the Division Agreement will likely be determined at that time. However, at this juncture, an agreement exists between RM Invest and Varwood/Katcaev as to the distribution of the Settlement Proceeds.[2] Thus, the instant case is distinguishable from the cases cited by the Participant Parties.

Motions for the disqualification of counsel are not favored and the Participant Parties have not met their burden of showing entitlement to the relief requested.

---

[1] The undersigned notes that in the Report and Recommendation (DE# 147) cited by the Participant Parties, the undersigned specifically found that the Participant Parties had failed to address the requirements of standing in their opposition memorandum and therefore failed to carry their burden of establishing standing. Id. at 18.

[2] The undersigned makes no ruling on the validity or invalidity of the Division Agreement. The undersigned merely notes that at this point in the proceedings the Division Agreement has not been invalidated.

## CONCLUSION

In accordance with the foregoing, it is

ORDERED AND ADJUDGED that the Majority Owners of RM Invest's Motion to Disqualify the Behar Law Firm (DE # 132, 11/1/16) is **DENIED**. It is further

ORDERED AND ADJUDGED that the Settling Parties' request for attorney's fees based on the Participant Parties failure to confer prior to filing the instant motion is **DENIED**.

DONE AND ORDERED, in Chambers, at Miami, Florida this 16 day of December, 2016.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Altonaga
All counsel of record

4