UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────
ALAN L. FRANK LAW ASSOCIATES, P.C.,

                  Plaintiff,

         -against-

OOO RM INVEST, VARWOOD HOLDINGS,
LTD., TCAHAI HAIRULLAEVICH KATCAEV,
SASHA SCHMDT and SERGEY PIROZHNIKOV,

                  Defendants.
─────────────────────────────────
OOO RM INVEST, VARWOOD HOLDINGS,
LTD. and TCAHAI HAIRULLAEVICH KATCAEV,

                  Counter-Plaintiffs,

         -against-

ALAN L. FRANK LAW ASSOCIATES, P.C.,
ALAN L. FRANK and EUGENE A. KHAVINSON,

                  Counter-Defendants.

**MEMORANDUM & ORDER**
**17-CV-1338 (NGG) (ARL)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff and Counter-Defendant Alan L. Frank Law Associates, P.C. ("Frank Firm") commenced this interpleader action on February 22, 2016 against Defendants and Counter-Plaintiffs OOO RM Invest ("RM"), Varwood Holdings, Ltd. ("Varwood"), and Tcahai Hairullaevich Katcaev (collectively, the "Settling Parties") and Defendants Sasha Schmdt and Sergey Pirozhnikov. (Compl. (Dkt. 1) ¶¶ 1-6.) The action arises from a $2.9 million settlement agreement between the Settling Parties and several nonparties. (Settling Parties' Rule 56.1 Stmt. ("Settling Parties' 56.1") (Dkt. 277-1) ¶ 15.) The Settling Parties subsequently asserted counterclaims against Frank Firm and its principal, Alan L. Frank (collectively, the "Frank Parties"), and Eugene A. Khavinson, alleging, *inter alia*, legal malpractice and breach of fiduciary duty.

1

(Settling Parties' Ans., Crossclaim, and Counterclaim ("Counterclaim") (Dkt. 169) at 9-19.)

Pending before the court are two motions by the Settling Parties to strike affirmative defenses from the Frank Parties' and Khavinson's responses to the Counterclaim. (*See* Frank Parties' Ans. to Counterclaim ("Frank Ans.") (Dkt. 343); Khavinson Ans. to Counterclaim ("Khavinson Ans.") (Dkt. 344); Mot. to Strike Frank Ans. (Dkt. 345); Mot. to Strike Khavinson Ans. (Dkt. 346); Frank Parties' Mem. in Opp. ("Frank Opp.") (Dkt. 347); Khavinson Mem. in Opp. ("Khavinson Opp.") (Dkt. 348).)

For the reasons explained below, the Settling Parties' Motions to Strike are GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

The court assumes familiarity with the factual and procedural history of this case, and it provides a summary of that history only insofar as it is necessary to the resolution of the pending motions.[1] Except as otherwise indicated, the facts in this section are not in dispute.

### A. Factual Background

RM is a Russian limited liability company with its principal place of business in Russia. (Settling Parties' 56.1 ¶ 1.) At the time this lawsuit was filed, Defendants Katcaev, Schmdt, and Pirozhnikov were the three "participants" who held equity in RM. (*Id*. ¶¶ 2-5.) RM has effectively ceased operations, and its only material assets are its share of the settlement proceeds discussed below. (Schmdt & Pirozhnikov Rule 56.1 Stmt. ("Schmdt & Pirozhnikov

---

[1] The facts are set forth in greater detail in Magistrate Judge Arlene Lindsay's Reports and Recommendations ("R&Rs"), and in the court's Memorandum and Order adopting those R&Rs. (*See* Feb. 24, 2020 R&R (Dkt. 302); Mar. 2, 2020 R&R (Dkt. 303); Mem. & Order Adopting R&Rs (Dkt. 335).)

56.1") (Dkt. 280 at ECF pp. 13-19) ¶ 34.) In or around 2013, Katcaev negotiated a deal with Net Element, Inc. ("Net Element"), subject to which RM would transfer its principal assets to Net Element in exchange for 30% of Net Element's stock. (Decl. of Sasha Schmdt ("Schmdt Decl.") (Dkt. 280 at ECF pp. 2-6) ¶ 7.) The deal fell apart, and the Defendants retained Frank Firm to represent them in actions against Net Element, with Khavinson as co-counsel. (*Id.* ¶ 9; Settling Parties' 56.1 ¶ 17; Counterclaim ¶ 13.) Frank Firm filed a lawsuit against Net Element and other defendants in the Southern District of Florida, on behalf of RM, Varwood, and Katcaev. (Settling Parties' 56.1 ¶¶ 10-12.) The parties to this underlying lawsuit eventually reached a settlement agreement, subject to which the Settling Parties would receive $2.9 million and 1,000,000 shares of Net Element stock. (*Id.* ¶¶ 14-16.) After the deduction of attorney's fees and costs, the remaining value of the settlement fund was just over $2.3 million. (Settling Parties' 56.1 ¶ 24.)

The Settlement Agreement provided for the settlement funds to be released to Frank Firm and did not specify how those funds would be apportioned. (*Id.* ¶¶ 15, 20.) The Frank Parties, as well as Schmidt and Pirorzhnikov, suggest that Schmdt, Katcaev, and Pirozhnikov had agreed to split the proceeds from the settlement equally between the three of them, and Schmdt and Pirozhnikov asked Frank to distribute the funds accordingly. (Schmdt & Pirozhnikov 56.1 ¶ 36.) Katcaev opposed that plan and demanded, through new counsel, that Frank transfer most of the proceeds to him. (*Id.* ¶ 37.) Frank subsequently brought this interpleader action to resolve the parties' dispute over the distribution of the settlement proceeds.

### B. Procedural Background

Frank Firm commenced this interpleader action in this court on February 22, 2016. (Compl. at 1.) The Settling Parties filed cross-claims in which they asserted their right to the settlement funds and brought counterclaims for legal malpractice, breach of fiduciary duty, and a declaratory judgment against the Frank Parties and Khavinson. (*See* Counterclaim.) On November 30, 2020, the court adopted two R&Rs by Magistrate Judge Arlene Lindsay, denied the Settling Parties' motion for summary judgment, and partially granted and partially denied the Frank Parties' and Khavinson's motions to dismiss the Settling Parties' counterclaims. (*See* Mem. & Order Adopting R&Rs ("M&O") (Dkt. 335).) The Frank Parties and Khavinson subsequently filed their answers to the Counterclaim, in which they asserted numerous affirmative defenses. (*See* Frank Ans. at 12-16; Khavinson Ans. at 12-14.) The Settling Parties then moved to strike eleven of the seventeen affirmative defenses asserted by the Frank Parties and eight of the fourteen affirmative defenses asserted by Khavinson.

### II.  LEGAL STANDARD

Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Although courts are given discretion to resolve Rule 12(f) motions, as a general rule motions to strike affirmative defenses are disfavored and should not be granted unless there are strong reasons for doing so." *Perez v. De Domenico Pizza & Rest. Inc.*, 14-cv-7236 (LDW) (ARL), 2016 WL 3774389, at *1 (E.D.N.Y. May 31, 2016).[2] "In order for a court to strike a defense as insufficient: (1) there must be no question of fact that might

---

[2] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted, and all alterations are adopted.

allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; *and* (3) the plaintiff must be prejudiced by the inclusion of the defense." *Id*. (emphasis in original); *see also S.E.C. v. McCaskey*, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999).

### III. DISCUSSION

The Settling Parties ask the court to strike the majority of the Frank Parties' and Khavinson's affirmative defenses, on the grounds that they either fail as a matter of law or are legally insufficient.

The Second Circuit has held that "the plausibility standard of [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)] applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense." *GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 97 (2d Cir. 2019). But it has also explained that "applying the probability standard to any pleading is a context-specific task," and that where "an affirmative defense, rather than a complaint, is at issue . . . the degree of rigor appropriate for testing the pleading" may be reduced in light of the limited time interval afforded to a defendant filing an answer. *Id*. at 98. Further, "the nature of the affirmative defense" may also dictate the rigor of the analysis, because the facts needed to plead an affirmative defense may or may not be "readily known." *Id*.

#### A. Motion to Strike the Frank Parties' Affirmative Defenses

The Settling Parties move to strike the first, second, third, fifth, sixth, seventh, ninth, twelfth, thirteenth, fifteenth, and seventeeth affirmative defenses asserted by the Frank Parties. For the reasons explained below, the motion is granted with respect to the Frank Parties' first affirmative defense and denied with respect to the remaining affirmative defenses.

5

1. First Affirmative Defense

The Frank Parties' first affirmative defense is that the Settling Parties' claims are barred by Pennsylvania state law, which they suggest bars legal malpractice claims arising from settlement agreements. (Frank Ans. at 12.) The Settling Parties argue that the court has already rejected this defense as a matter of law. (Mot. to Strike Frank Ans. at 2.) This court, in deciding the Frank Parties' motion to dismiss the Settling Parties' counterclaim, considered and rejected the argument that Pennsylvania law bars legal malpractice claims arising from settlement agreements. (*See* M&O at 27-29 ("Regardless of which law applies to the Settling Parties' legal malpractice claim, the claim is not barred simply by the fact that it arises from a settlement agreement.")) The court therefore finds that this affirmative defense is legally insufficient and grants the motion to strike it from the Frank Parties' answer.

2. Second Affirmative Defense

The Frank Parties' second affirmative defense is that the Settling Parties' claims are barred by Pennsylvania state law's contributory negligence doctrine. (Frank Ans. at 12.) The Settling Parties argue that the Frank Parties fail to plead sufficient facts in support of this defense. (Mot. to Strike Frank Ans. at 3.) The Frank Parties allege, *inter alia*, that Katcaev provided them with conflicting instructions regarding distribution of the settlement funds. (Frank Ans. at 5..) In light of the limited time available to the Frank Parties to file an answer and the nature of the defense asserted, as well as the Settling Parties' failure to establish that they will be prejudiced by the inclusion of the affirmative defense, the court finds that the Frank Parties have met their pleading burden and declines to strike this affirmative defense.

3. Third Affirmative Defense

The Frank Parties' third affirmative defense is that the Settling Parties' claim for consequential damages is remote and speculative, and that it is based on the inaccurate premise that the interpleader is itself actionable. (Frank Ans. at 12-13.) The Settling Parties argue that the Frank Parties fail to plead sufficient facts in support of this defense. (Mot. to Strike Frank Ans. at 3.) In light of the limited time available to the Frank Parties to file an answer and the nature of the defense asserted, as well as the Settling Parties' failure to establish that they will be prejudiced by the inclusion of the affirmative defense, the court finds that the Frank Parties have met their pleading burden and declines to strike this affirmative defense.

4. Fifth Affirmative Defense

The Frank Parties' fifth affirmative defense is that the Settling Parties' voluntary consent to the Division Agreement and Settlement Agreement preclude their claims. (Frank Ans. at 13.) The Settling Parties argue that, in the absence of specific citations to those agreements, this defense is implausible. (Mot to Strike Frank Ans. at 3-4.) In light of the limited time available to the Frank Parties to file an answer and the nature of the defense asserted, as well as the Settling Parties' failure to establish that they will be prejudiced by the inclusion of the affirmative defense, the court finds that the Frank Parties have met their pleading burden and declines to strike this affirmative defense.

5. Sixth Affirmative Defense

The Frank Parties' sixth affirmative defense is that no statute or contract authorizes the Settling Parties to recover attorneys' fees. (Frank Ans. at 13.) The Settling Parties argue that the court has already rejected this defense as a matter of law. (Mot. to Strike Frank Ans. at 4.) The court previously denied the Frank Parties'

request to strike the Settling Parties' request for attorneys' fees, reasoning that while the Settling Parties could not recover attorneys' fees based on certain dismissed counterclaims, they might be able to recover attorneys' fees if they prevailed on certain remaining counterclaims. (M&O at 33-34.) The Settling Parties erroneously conflate the court's refusal to strike their prayer for attorneys' fees with a binding decision by this court that attorneys' fees are not precluded under the law. Because the court made no such finding, it declines to strike this affirmative defense.

6. Seventh Affirmative Defense

The Frank Parties' seventh affirmative defense is that the Settling Parties have failed to assert cognizable claims against Alan Frank individually. (Frank Ans. at 14.) The Settling Parties argue that the court has already rejected this defense as a matter of law. (Mot. to Strike Frank Ans. at 4.) While the court previously denied the Frank Parties' motion to dismiss with respect to a similar claim, it did not rule as a matter of law that the Settling Parties have asserted cognizable claims against Alan Frank individually. (*See* M&O at 33.) Accordingly, the legal sufficiency of this affirmative defense remains an open issue in this case, and the court declines to strike this affirmative defense.

7. Ninth Affirmative Defense

The Frank Parties' ninth affirmative defense is that their alleged failure to apportion the settlement funds is not actionable, and therefore cannot give rise to legal malpractice or breach of fiduciary duty claims. (Frank Ans. at 14.) The Settling Parties argue that the court has already rejected this defense as a matter of law. (Mot. to Strike Frank Ans. at 4-5.) The court previously denied the Frank Parties' motion to dismiss on this basis, finding that they "d[id] not adequately establish that their alleged failure to counsel their clients to determine how the settlement funds would be divided is not actionable." (M&O at 31.) But the court

did not rule as a matter of law that the alleged failure to apportion funds was actionable. Accordingly, the legal sufficiency of this affirmative defense remains an open issue in this case, and the court declines to strike this affirmative defense.

8. Twelfth Affirmative Defense

The Frank Parties' twelfth affirmative defense is that the Settling Parties failed to reduce, avoid, or mitigate damages. (Frank Ans. at 15.) The Settling Parties argue that the Frank Parties fail to allege factual support for this defense. (Mot. to Strike Frank Ans. at 5.) As noted above, the Frank Parties' answer makes reference to conduct by the Settling Parties that may have contributed to the alleged damages, including "conflicting instructions provided by Katcaev." (Frank Ans. at 5.) In light of the limited time available to the Frank Parties to file an answer and the nature of the defense asserted, as well as the Settling Parties' failure to establish that they will be prejudiced by the inclusion of the affirmative defense, the court finds that the Frank Parties have met their pleading burden and declines to strike this affirmative defense.

9. Thirteenth Affirmative Defense

The Frank Parties' thirteenth affirmative defense is that the equitable doctrines of laches, waiver, ratification, estoppel, and/or unclean hands bar the Settling Parties' claims. (Frank Ans. at 15.) The Settling Parties argue that the Frank Parties fail to allege factual support for this defense. (Mot. to Strike Frank Ans. at 5.) In light of the limited time available to the Frank Parties to file an answer and the nature of the defense asserted, as well as the Settling Parties' failure to establish that they will be prejudiced by the inclusion of the affirmative defense, the court finds that the Frank Parties have met their pleading burden and declines to strike this affirmative defense.

10. Fifteenth Affirmative Defense

The Frank Parties' fifteenth affirmative defense is that any harm sustained by the Settling Parties was caused by the culpable or wrongful conduct of parties over which the Frank Parties have no control. (Frank Ans. at 15.) The Settling Parties argue that the Frank Parties fail to allege factual support for this defense. (Mot. to Strike Frank Ans. at 5.) In light of the limited time available to the Frank Parties to file an answer and the nature of the defense asserted, as well as the Settling Parties' failure to establish that they will be prejudiced by the inclusion of the affirmative defense, the court finds that the Frank Parties have met their pleading burden and declines to strike this affirmative defense.

11. Seventeenth Affirmative Defense

The Frank Parties' seventeenth affirmative defense is that the purported damages lack a basis in fact. (Frank Ans. at 16.) The Settling Parties argue that the Frank Parties fail to allege factual support for this defense. (Mot. to Strike Frank Ans. at 3.) In light of the limited time available to the Frank Parties to file an answer and the nature of the defense asserted, as well as the Settling Parties' failure to establish that they will be prejudiced by the inclusion of the affirmative defense, the court finds that the Frank Parties have met their pleading burden and declines to strike this affirmative defense.

**B. Motion to Strike Khavinson's Affirmative Defenses**

The Settling Parties move to strike the fifth, sixth, seventh, ninth, eleventh, twelfth, thirteenth, and fourteenth affirmative defenses asserted by Khavinson. For the reasons explained below, the motion is granted with respect to Khavinson's thirteenth and fourteenth affirmative defenses and denied with respect to the remaining affirmative defenses.

10

1. Fifth Affirmative Defense

Khavinson's fifth affirmative defense is that any damages must be reduced to account for contributory or comparative negligence by the Settling Parties or other persons. (Khavinson Ans. at 13.) The Settling Parties argue that Khavinson has failed to allege sufficient factual support for this defense. (Mot. to Strike Khavinson Ans. at 2.) In light of the limited time available to Khavinson to file an answer and the nature of the defense asserted, as well as the Settling Parties' failure to establish that they will be prejudiced by the inclusion of the affirmative defense, the court finds that Khavinson has met his pleading burden and declines to strike this affirmative defense.

2. Sixth Affirmative Defense

Khavinson's sixth affirmative defense is that any damages were caused by third parties over whom Khavinson had no control. (Khavinson Ans. at 13.) The Settling Parties argue that Khavinson has failed to allege sufficient factual support for this defense. (Mot. to Strike Khavinson Ans. at 2.) In light of the limited time available to Khavinson to file an answer and the nature of the defense asserted, as well as the Settling Parties' failure to establish that they will be prejudiced by the inclusion of the affirmative defense, the court finds that Khavinson has met his pleading burden and declines to strike this affirmative defense.

3. Seventh Affirmative Defense

Khavinson's seventh affirmative defense is that the equitable doctrines of laches, waiver, estoppel, and/or unclean hands bar the Settling Parties' claims. (Khavinson Ans. at 13.) The Settling Parties argue that Khavinson has failed to allege sufficient factual support for this defense. (Mot. to Strike Khavinson Ans. at 3.) In light of the limited time available to Khavinson to file an answer and the nature of the defense asserted, as well as the Settling

Parties' failure to establish that they will be prejudiced by the inclusion of the affirmative defense, the court finds that Khavinson has met his pleading burden and declines to strike this affirmative defense.

4. Ninth Affirmative Defense

Khavinson's ninth affirmative defense is that any damages sustained by the Settling Parties were caused by their own conduct and lack of care. (Khavinson Ans. at 13-14.) The Settling Parties argue that this defense lacks sufficient factual support. (Mot. to Strike Khavinson Ans. at 3.) In light of the limited time available to Khavinson to file an answer and the nature of the defense asserted, as well as the Settling Parties' failure to establish that they will be prejudiced by the inclusion of the affirmative defense, the court finds that Khavinson has met his pleading burden and declines to strike this affirmative defense.

5. Eleventh Affirmative Defense

Khavinson's eleventh affirmative defense is that the Settling Parties failed to mitigate damages. (Khavinson Ans. at 14.) The Settling Parties argue that this defense lacks sufficient factual support. (Mot. to Strike Khavinson Ans. at 3.) In light of the limited time available to Khavinson to file an answer and the nature of the defense asserted, as well as the Settling Parties' failure to establish that they will be prejudiced by the inclusion of the affirmative defense, the court finds that Khavinson has met his pleading burden and declines to strike this affirmative defense.

6. Twelfth Affirmative Defense

Khavinson's twelfth affirmative defense is that the purported damages are too speculative or conclusory to be recovered. (Khavinson Ans. at 14.) The Settling Parties argue that this defense lacks sufficient factual support. (Mot. to Strike Khavinson Ans. at 3-4.) In light of the limited time available to Khavinson to file an answer and the nature of the defense asserted, as well as

the Settling Parties' failure to establish that they will be prejudiced by the inclusion of the affirmative defense, the court finds that Khavinson has met his pleading burden and declines to strike this affirmative defense.

7. Thirteenth Affirmative Defense

Khavinson's thirteenth affirmative defense is that documentary evidence contradicts the Settling Parties' claims. (Khavinson Ans. at 14.) The Settling Parties argue that because Khavinson has failed to identify the relevant documentary evidence, relevant facts, or relevant claims, this defense is too conclusory to be preserved. (Mot. to Strike Khavinson Ans. at 4.) The court agrees: rather than alleging a specific legal or factual defense, Khavinson's Answer merely invokes the vaguest possibility that some unspecified documentary evidence might contain unspecified facts that contradict an unspecified claim. For that reason, the court strikes this affirmative defense as insufficient.

8. Fourteenth Affirmative Defense

Khavinson's fourteenth affirmative defense is that he "reserves the right to assert additional affirmative defenses as such are determined during the course of this litigation." (Khavinson Ans. at 14.) This is not an affirmative defense to the Settling Parties' counterclaims, but rather the broadest possible attempt to preserve every affirmative defense that he may theoretically wish to assert at a subsequent stage of this litigation. The court therefore strikes this affirmative defense.

IV. CONCLUSION

For the reasons explained above, the Settling Parties' Motion to Strike Affirmative Defenses (Dkt. 345) from the Frank Parties' Answer is GRANTED in part and DENIED in part, and the Settling Parties' Motion to Strike Affirmative Defenses from Khavinson's Answer (Dkt. 346) is GRANTED in part and DENIED in part. The

Frank Parties' first affirmative defense and Khavinson's thirteenth and fourteenth affirmative defenses are STRUCK from their respective answers to the Settling Parties' counterclaim.

SO ORDERED.

Dated:   Brooklyn, New York
         July 30 2021

                                           /s/ Nicholas G. Garaufis
                                          NICHOLAS G. GARAUFIS
                                          United States District Judge