UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ALAN FRANK LAW ASSOCIATES, P.C.,

                Plaintiff,

    v.

OOO RM INVEST, ET AL.,

                Defendants.

-------------------------------------------------------------X

**ORDER**

17-CV-1338 (LGD)

**LEE G. DUNST**, Magistrate Judge:

Presently before the Court is a motion for reconsideration by Defendants/Cross-Plaintiffs OOO RM Invest ("RM"), Tcahai Katcaev ("Katcaev"), and Varwood Holdings ("Varwood") (collectively, the "Settling Parties") at Electronic Case File Number ("ECF No") 391. The motion seeks reconsideration of the undersigned's March 16, 2023 Order (at ECF No. 387[1]) granting the motion for a jury trial by Defendant/Cross-Defendant Sasha Schmdt and Defendant Sergey Pirozhnikov (referred to as the "Majority Owners") at ECF No. 375. The motion for reconsideration is opposed by the Majority Owners at ECF No. 400. For the reasons set forth herein, the Court DENIES the Settling Parties' motion for reconsideration of ECF No. 387.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes familiarity with the lengthy factual and procedural history of this case and provides a summary of that history only insofar as necessary for the resolution of the pending motion.

---

[1] The Court also incorporates the rationale and holding of ECF No. 387 in this Order.

On November 4, 2022, the Majority Owners filed a motion for a jury trial before the undersigned for the pending trial to resolve the remaining claims and issues in this case. ECF No. 375. The Settling Parties responded on November 14, 2023. ECF No. 376. Over the subsequent months, the undersigned requested and received additional information from the parties concerning the motion for a jury trial. *See* Nov. 21, 2022 Order; ECF Nos. 377 & 381.

The Court issued a decision on March 16, 2023, finding, *inter alia*, that a jury trial is warranted in this case pursuant to the Seventh Amendment of the United States Constitution and related case law. ECF No. 387.

The Settling Parties now request the undersigned reconsider the decision granting a jury trial. ECF No. 391. The motion for reconsideration attempts to distinguish cases cited in ECF No. 387, arguing: that there are no claims for relief to be tried in this case (ECF No. 391 at 4); none of the parties assert a contract claim or seek contract damages (*id.* at 5); there are no claims for money damages (*id.* at 7); there would be no jury trial in the absence of an interpleader (*id.* at 8); the New York patten jury instructions are not applicable to the remaining claims (*id.* at 9); the corporate governance issues are not triable by a jury (*id.* at 10); and there is no overlap between the unjust enrichment claim and the other issues to be tried at trial (*id.* at 11).

In response, the Majority Owners argue that the undersigned did not commit clear error and correctly ordered a jury trial. ECF No. 400.

## II. LEGAL STANDARD

The decision whether to grant a motion for reconsideration is "committed to the sound discretion of the district court." *Wilder v. News Corp.*, No. 11-CV-4947, 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016) (internal quotation marks omitted) (quoting *Liberty Media Corp. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012)). Under Local Rule 6.3, a

motion for reconsideration should set forth "concisely the matters or controlling decisions which counsel believes the Court has overlooked."  U.S. Dist. Ct. Rules E.D.N.Y., Civil Rule 6.3.  "Thus, a motion to reconsider is generally denied 'unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"  *United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 464 F. Supp. 3d 665, 667 (S.D.N.Y. 2020), *objections overruled sub nom. United States Sec. & Exch. Comm'n v. Kontilai*, No. 19-CIV-4355 (LGS) (GWG), 2020 WL 4496764 (S.D.N.Y. Aug. 4, 2020) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  Such a motion "should be granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).  Finally, the standard for granting a motion for reconsideration "is strict."  *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting *Shrader*, 70 F.3d at 257); *Ortega v. Mutt*, 14-cv-09703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) ("Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly.").

### III. DISCUSSION

The Court finds that the motion for reconsideration should be denied, as the Settling Parties have not satisfied the requirements for such a motion.

In their motion for reconsideration, the settling parties do not identify any change of controlling law, new evidence, or manifest injustice. The motion, instead, argues that "the [] grant of a jury trial was clearly in error." ECF No. 391 at 2. The motion at its core, however, is an attempt to relitigate the issues the parties already had the opportunity to brief (in multiple filings) before the Court and is, therefore, purely a second bite at the apple.

The Court notes that the Settling Parties do not appear to dispute significant aspects of the Court's underlying decision. First, the Settling Parties no longer dispute whether the Majority Owners are entitled to rely on the Settling Parties' previous Jury Demand and whether it was untimely. ECF No. 387 at 10-13 (citing ECF Nos. 359 & 360-1 at 2). Further, in the current motion, the Settling Parties also do not dispute whether they withdrew their demand for a jury trial or they would be prejudiced by a jury trial. *Id.* at 10, 14.

Instead, the Settling Parties are primarily arguing, *inter alia*, that the remaining issues are not claims for relief, are not breach of contract issues, do not seek contract damages, are not claims for money damages, and are therefore not triable by a jury. Importantly, these arguments appear to all miss the Court's underlying point in its prior decision – if the Division Agreement is an enforceable agreement (or whether it constituted a "invalid 'major transaction'" (ECF No. 391 at 11)), then the settlement proceeds may be distributed pursuant to it. This is a factual question that a jury can determine. *See Int'l Mins. & Res., S.A. v. Pappas*, 96 F.3d 586, 594 (2d Cir. 1996) (explaining that issues of contract formation (and equitable estopped) are issues for a jury, which present contested elements of fact); *Alessi Equip., Inc. v. Am. Piledriving Equip.,*

4

*Inc.*, 578 F. Supp. 3d 467, 487 (S.D.N.Y. 2022) (explaining that if a Court is unable to determine contractual construction on summary judgment, a factual issue arises); *Vinifera Imports Ltd. v. Societa Agricola Castello Romitorio SRL*, No. 16-CV-00103 (ADS) (ARL), 2020 WL 1184962, at *5 (E.D.N.Y. Mar. 12, 2020) (finding that factual disputes existed as to various contract formation issues); *Paper Corp. of U.S. v. Schoeller Tech. Papers, Inc.*, 807 F. Supp. 337, 341 (S.D.N.Y. 1992) (explaining New York law on contract enforceability standards in connection with a jury trial). If the Division Agreement is not enforceable or is an invalid major transaction, then a factual question exists as to whether "the Majority Owners are entitled to some portion of the interpleaded funds [pursuant to the Settlement Agreement]." ECF No. 387 at 14 (citing ECF No. 335 at 14). The Court also finds that as part of this factual question, a jury may consider whether "RM, in its present form, legitimately represents the interests of its participants" (i.e., whether the funds should be distributed to the individuals irrespective of the current corporate structure). *See* ECF No. 335 at 14. These are all primarily legal questions (not issues of equity) with factual determinations to be made by a jury. Similarly, as noted in the Court's previous decision, the Settling Parties' unjust enrichment claim also includes questions of fact for the jury to determine.

Finally, the Court again notes the Settling Parties' previous memorandum of law in support of their own jury demand in March 2022 for a relevant analogy to the remaining claims at issue in this case. The Settling Parties previously explained:

> Counts III and VI are declaratory actions seeking monetary relief, which are also triable by a jury. *See* Siegal, Practice Commentaries to Sect. 4101, McKinney's Cons Law of NY, Book, 7B, p. 190 ("Issues of fact on causes of action for money only, whether sounding in tort, contract, or anything else, are triable by jury.").

ECF No. 360-1 at 7. Counts III and VI of the amended counterclaims brought by the Settling Parties addressed the validity of the retainer agreement and sought declaratory judgment against

5

Alan L. Frank Law Associates, Alan L. Frank, and Eugene A. Khavinson as to the validity of the retention agreement and the attorneys' entitlement to the 200,000 shares of Net Element stock. ECF No. 169; ECF No. 303 at 3-5, 13-16 (discussing these claims). Just as the Settling Parties previously argued that determining the validity of the retainer agreement (and declaratory judgment regarding entitlement of related damages) could be properly tried by a jury, the undersigned concludes that the enforceability of the Division Agreement and the entitlement to the assets currently at issue are similarly triable by a jury.

Therefore, as it did before, the Court once again finds that the remaining issues are properly tried by a jury, pursuant to the Seventh Amendment of the United States Constitution. *See* ECF No. 387.

## IV. CONCLUSION

The motion for reconsideration at ECF No. 391 is DENIED.

**SO ORDERED**:

Dated: Central Islip, New York
      May 5, 2023

/s/ Lee G. Dunst
LEE G. DUNST
United States Magistrate Judge