# THE BEHAR LAW FIRM

A PROFESSIONAL ASSOCIATION

1801 NE 123rd Street, Suite 314, North Miami, FL 33181-2883
Telephone: 786.735.3300   Facsimile: 786.735-3307

Howard R. Behar                                                    E-mail: HRB@beharlegal.com
Samuel M. Sheldon                                                  E-mail: SMS@beharlegal.com
Alex D. Sirulnik, P.A. of Counsel                                  E-mail: ADS@sirulniklaw.com

July 7, 2023

**Via CM/ECF**

Hon. Lee G. Dunst
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

Re:     Alan L. Frank Law Associates, P.C. v. OOO RM Invest, *et al.*
        Case No. 2:17-cv-01338-LGD

Dear Judge Dunst:

        Undersigned counsel represents Defendants/Cross-Plaintiffs, OOO RM Invest ("**RM**"), Varwood Holdings, Ltd. ("**Varwood**"), and Tcahai Katcaev ("**Mr. Katcaev**") (collectively, the "**Settling Parties**") in the above-referenced interpleader action.

        Pursuant to the Court's order dated June 29, 2023 [ECF No. 437], the Settling Parties, together with Defendant Sergey Pirozhnikov ("**Mr. Pirozhnikov**") and Defendant/Cross-Defendant Sasha Schmdt ("**Mr. Schmdt**"), jointly provide the following status report.

        Although the Settling Parties propose the entry of final judgment in the form attached hereto as Exhibit "A," Mr. Schmdt and Mr. Pirozhnikov disagree with the calculations contained therein in two respects.

        First, with respect to the interest due from Mr. Schmdt on the unjust enrichment Cross-claim, Mr. Schmdt disagrees with the application of nine percent (9%) annual interest as provided in N.Y.C.P.L.R. § 5004. Mr. Schmdt notes that N.Y.C.P.L.R. § 5001(a) instead provides in relevant part that the rate of interest applicable in an equitable action is within the court's discretion. The Settling Parties, however, are unaware of any reason why the Court should exercise its discretion to provide for a lesser rate of interest than what is provided in section 5004.

        Second, despite the unambiguous language in the verdict form that a verdict against Mr. Schmdt for unjust enrichment would be in favor of "RM Invest, Varwood Holdings, and Mr. Katcaev for $272,507.02 plus interest since April 16, 2016," it is Mr. Schmdt and Mr. Pirozhnikov's position that RM should not receive any portion of this amount, and that RM's share of any set-off should instead be divided 50%/25%/25%, respectively, among Mr. Schmdt, Mr. Pirozhnikov, and Mr. Katcaev.

It is the Settling Parties' position that Mr. Schdmt and Mr. Pirozhnikov had ample opportunity to propose appropriate jury instruction and verdict form language to this effect <u>before</u> this issue was submitted to the jury; but having instead consented to the language in the verdict form—which unambiguously provides for a verdict "for RM Invest, Varwood Holdings, and Mr. Katcaev"—Mr. Schmdt and Mr. Pirozhnikov should not be permitted to re-write the verdict form <u>after</u> a verdict has been rendered.

Mr. Schmdt and Mr. Pirozhnikov propose that they and the Settling Parties each be permitted to submit simultaneous briefs on these two issues, which the court may hear together with any post-trial motions. It is the Settling Parties' position that such briefing is unnecessary, and that the Court should instead enter final judgment in the form attached hereto as Exhibit "A."

Neither the Settling Parties, nor Mr. Schmdt, nor Mr. Pirozhnikov have decided yet whether they will be filing any post-trial motions.

Respectfully submitted,
THE BEHAR LAW FIRM, P.A.

<u>*s/ Samuel M. Sheldon*</u>
Howard R. Behar
Samuel M. Sheldon

cc:     Richard J. Mooney, Esq.,
        Attorney for Sasha Shmdt and Sergey Pirozhnikov
        Via CM/ECF