UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

ALAN L. FRANK LAW ASSOCIATES, P.C.,

                Plaintiff,               No. 17-CV-1338 (LGD)

v.

OOO RM INVEST, VARWOOD HOLDINGS,
LTD., TCAHAI HAIRULLAEVICH KATCAEV,
SASHA SCHMDT, and SERGEY PIROZHNIKOV,

                Defendants.

--------------------------------------------------------X

## <u>FINAL JUDGMENT</u>

**THIS CAUSE** comes before the Court upon the conclusion of trial in this matter, conducted from June 26, 2023 through June 29, 2023, and the jury verdict entered on June 29, 2023 [ECF No. 438]. Pursuant to Rule 58 of the Federal Rules of Civil Procedure and upon the jury verdict [ECF No. 438], it is hereby

**ORDERED AND ADJUDGED** as follows:

1.      Final Judgment is **ENTERED** in favor of Defendants VARWOOD HOLDINGS, LTD. ("Varwood"), TCAHAI KATCAEV ("Katcaev"), SASHA SCHMDT ("Schmdt"), and SERGEY PIROZHNIKOV ("Pirozhnikov") with respect to said Defendants' entitlement to receive the $2,494,051.03 on deposit with the Court Registry.

2.      Final Judgment is **ENTERED** in favor of Cross-Plaintiffs OOO RM INVEST ("**RM**"), Varwood, and Katcaev and against Cross-Defendant Schmdt on said Cross-Plaintiffs' Crossclaim against Schmdt for unjust enrichment.

**3.      In accordance with the jury's verdict, the monetary awards to be awarded in this case from the funds on deposit in the Court Registry are:**

a. **$1,577,604.89 to Varwood;**

b. **$285,256.38 to Katcaev;**

c. **$285,256.38 to Pirozhnikov;**

d. **$224,579.38 to RM; and**

e. **$121,354.00 to Schmdt.**

4. These amounts are calculated as follows:

a. The jury entered a verdict that that certain Settlement Proceeds Division Agreement was not associated with the alienation by RM of assets whose value comprises more than 25 percent of the value of the company's property. [ECF No. 438.] Said agreement—which provides for $212,000.00 payment to Varwood, and a 50/50 division of the remaining funds between RM and Varwood—thus controls the division of the registry funds as between RM and Varwood, whose respective shares are thus $1,141,025.52 to RM and $1,353,025.51 to Varwood.

b. The jury entered a verdict that RM's share of the registry funds should not be disbursed to RM, and should instead be disbursed to RM's participants in proportion to their participation interests as of the October 2015 Settlement Agreement (*i.e.*, 50% to Schmdt, 25% to Pirozhnikov, and 25% to Katcaev). [ECF No. 438.] RM's $1,141,025.52 share of the registry funds should therefore be disbursed: $570,512.76 to Schmdt, $285,256.38 to Pirozhnikov, and $285,256.38 to Katcaev.

c. The jury entered a verdict in favor of RM, Varwood, and Katcaev on their Crossclaim against Schmdt for $272,507.02 plus interest from April 16, 2016.

[ECF No. 438.] Pursuant to N.Y.C.P.L.R. § 5004, "[i]nterest shall be at the rate of nine per centum per annum." Nine percent (9%) interest on $272,507.02 from April 16, 2016 to June 29, 2023 (7 years, 74 days) is equal to $176,651.74. The sum payable to Schmdt from the Court Registry ($570,512.76) is thus reduced by $449,158.76; and the sums otherwise payable to RM and Varwood from the Court Registry are thus increased by $224,579.38 each.

5.      The Clerk of the Court is instructed to transfer Varwood, Katcaev, and RM's share of the funds in the Court Registry, which is equal to $2,087,440.65, to the Trust Account of the Behar Law Firm, P.A.

6.      The Clerk of the Court is instructed to transfer Schmdt and Pirozhnikov's share of the funds in the Court Registry, which is equal to $406,610.38, to the Trust Account of RJM Litigation Group.

7.      The Clerk of Court is instructed to **CLOSE** this case.

8.      All pending motions, if any, are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Central Islip, New York this \_\_\_\_ day of July 2023.

 

_____
**LEE G. DUNST**
**UNITED STATES MAGISTRATE JUDGE**

cc:    counsel of record